**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Daniel Divish,

      Plaintiff,              Civil Action No. 23-cv-11266
                                   Hon. Jonathan J.C. Grey
v.                         Magistrate Judge Kimberly G. Altman

Kimberly Costa, Sandra Wilson,
Adrianne Vanlangvelde, and
Danielle Davis,

      Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION IN
PART (ECF No. 42), GRANTING IN PART AND DENYING IN
PART DEFENDANTS' OBJECTIONS (ECF No. 43), GRANTING
DEFENDANTS' MOTION TO DISMISS (ECF No. 30), AND
DISMISSING PLAINTIFF'S CAUSE OF ACTION
WITH PREJUDICE**

On May 30, 2023, Daniel Divish filed this 42 U.S.C. § 1983 prisoner

civil rights suit pro se against defendants Kimberly Costa, Sandra

Wilson, Adrianne Vanlangvelde, and Danielle Davis. All pretrial matters

were referred to United States Magistrate Judge Kimberly G. Altman

under 28 U.S.C. § 636(b). (ECF No. 7.)

On January 1, 2024, defendants filed a motion to dismiss pursuant

to Federal Rules of Civil Procedure 12(b)(1) and (6). (ECF No. 30.) Divish

filed a response in opposition on January 23, 2024, to which defendants

replied on March 15, 2024. (ECF Nos. 36, 41.) Judge Altman issued a report and recommendation ("R&R") that granted in part and denied in part defendants' motion. (ECF No. 42.) On August 21, 2024, defendants raised timely objections to the R&R. (ECF No. 43.) Divish did not file any objections or a response to defendants' objections.

## I.   LEGAL STANDARDS

### A.   Review of a Report and Recommendation

A party may object to any specified portion, proposed findings, or recommendation in the magistrate judge's R&R. 28 U.S.C. § 636(b)(1). For any specific objection, the district judge is to make a de novo determination of the issue. *Id.* The district judge may accept, reject, or modify, in whole or in part, any findings or recommendations. *Id.*

When no objection is made to portions of an R&R, the district judge may sua sponte review those portions, *Thomas v. Arn*, 474 U.S 140, 154 (1985); however, there is no obligation to independently review those portions. *Hall v. Chapman*, 627 F. Supp. 3d 804, 806 (E.D. Mich. 2022) (citing *Thomas* 474 U.S. at 149–152). Under sua sponte review, with no objection, the district judge may use a "de novo or any other standard." *Thomas*, 474 U.S. at 154.

**B.     Review under Rule 12(b)(6)**

The Court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a motion to dismiss under Rule 12(b)(6), the Court must give plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

Courts hold complaints written by pro se plaintiffs to a less stringent standard than ones drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even for pro se plaintiffs, "more than bare assertions of legal conclusions" are required. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Courts "'should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented ... nor may courts construct the Plaintiff's legal arguments for him.... [N]either may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766

(E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.). If the pleaded facts do not raise a right to relief, the court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

When deciding whether to dismiss a case, a court will generally rely only on the facts or claims stated in the complaint. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citations omitted). However, the Court may consider exhibits attached to the complaint, public records, and motion to dismiss attachments without converting the motion into one for summary judgment so long as the outside documents are referred to in the complaint and are central to the claims. *Id.*

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II.   ANALYSIS

### A.    Defendants' First Objection

In their first objection, defendants argue that the R&R erroneously read too far into Divish's complaint to find his procedural due process claim. (ECF No. 43.) The Court finds that the record does not support defendants' argument. Divish adequately pleaded a due process violation stemming from being classified as a sex offender and compelled to complete sex offender treatment without due process.

In his complaint, Divish alleged that he was "arbitrarily labeled a sex offender, at one point requiring special housing, and sexual offender therapy." (ECF No. 1, PageID.1.) He further alleged "Due Process principles as interpreted by *Harper* … imposed a clear legal duty on the Defendants not to … force Plaintiff to participate in sexual offender programing." (ECF No. 1, PageID.11); *Harper v. Arkesteyn*, No. CV 19-11106, 2022 WL 2338578 (E.D. Mich. June 28, 2022) (Grand, M.J.), report and recommendation adopted, 2022 WL E.D. Mich. Aug. 17, 2022) (Steeh, J.) (*Harper II*). Divish specifically alleged he was "ordered to complete sexual offender programming" and "forced" into treatment in violation of his procedural due process rights. (ECF No. 1, PageID.5, 11.) He also

5

stated his parole was denied "for not admitting to sexual misconduct with a minor … [which] violates Plaintiff's Due Process right to be screened/assessed on the basis of reliable information." (ECF No. 1, PageID.5.)

These allegations add up to a procedural due process claim based on Divish's classification as a sex offender and compelled sex offender treatment. Although Divish's argument is more explicitly stated in his response to defendants' motion to dismiss, the allegations in the complaint allow the Court to identify Divish's due process claim without constructing his argument for him.

The question of whether treatment is compelled for the purposes of creating a protected liberty interest is a question of fact and not ripe for adjudication at this time. The only case cited by defendants in support of their proposition that the question is one of mixed fact and law merely stands for the principle that courts need not "accept any legal conclusions" alleged in a complaint. *Kovalchuk v. City of Decherd, Tennessee*, 95 F.4th 1035, 1037 (6th Cir. 2024). The *Harper II* court plainly considered it to be a "questions of material fact as to whether Harper was subjected to *mandatory* MSOP treatment such that his

6

refusal to participate rendered him ineligible for parole." *Harper II* at *16 (emphasis in original). As this case is analogous to *Harper II*, the Court concludes it is inappropriate to decide whether the treatment was compelled on a motion to dismiss.

Accordingly, the Court **DENIES** defendants' first objection.

## B.    Defendants' Second Objection

Defendants argue that Judge Altman erroneously concluded that Divish has a protected liberty interest in any alleged preconditions to parole or in being labelled as a "sex offender," absent compelled treatment. (ECF No. 43.) Defendants misconstrue the R&R, which stated that "[t]aking the allegations in the light most favorable to Divish, he has stated a claim that he has been *both* labeled a sex offender *and required* to undergo sex offender treatment for parole eligibility." (ECF No. 42, PageID.335–336 (emphasis added).)

The Court concurs with Judge Altman and finds that, based on *Harper II* and the weight of authority from other circuits, Divish raises a viable due process claim because "he has allegedly been required to undergo sex offender treatment and been labeled as a sex offender without a conviction or other due process protections." (ECF No. 42,

PageID.336.) The question of whether sex offender treatment was compelled is a question of fact not appropriate for consideration at the motion to dismiss stage.

Accordingly, the Court **DENIES** defendants' second objection.

## C.    Defendants' Third Objection

The defendants argue that Judge Altman erred when she found that defendants Vanlangvelde and Wilson were not entitled to quasi-judicial immunity for requiring Divish to complete sex offender treatment as a precondition of parole. (ECF No. 43, PageID.360–302.) The R&R stated that defendants' argument that requiring Divish "to undergo sex offender treatment and label[ing] him as a sex offender" were judicial in nature was underdeveloped. (ECF No. 42, PageID.339.) Quasi-judicial immunity applies if imposing conditions on parole is adjudicative in nature.

The Supreme Court has "been quite sparing in [its] recognition of absolute immunity" and has declined "to extend it any further than its justification would warrant." *Burns v. Reed*, 500 U.S. 478, 487 (1991) (internal quotation marks and citation omitted). "The presumption is that qualified rather than absolute immunity is sufficient to protect

government officials in the exercise of their duties." *Id.* at 486–487. Officials who seek "absolute exemption from personal liability for unconstitutional conduct must bear the burden of showing that public policy requires an exemption of that scope." *Butz v. Economou*, 438 U.S. 478, 506 (1978).

"Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). However, quasi-judicial "immunity attaches to the nature and function of the act performed, not the job title of the defendant." (ECF No. 42, PageID.339.) "Whether an action is judicial depends on the nature and function of the act, not the act itself." *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir.1999) (internal citations omitted).

The Sixth Circuit has held that "parole board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers," as are "those who make recommendations concerning parole[.]" *Draine v. Leavy*, 504 F. App'x 494, 496 (6th Cir. 2012) (unpublished) (internal quotation

marks and citations omitted). However, non-judicial acts are not entitled to immunity. *Id.*

Courts also have found that imposing conditions of parole fall within quasi-judicial immunity. *See Bricker v. Michigan Parole Bd.*, 405 F. Supp. 1340 (E.D. Mich. 1975) (finding quasi-judicial immunity for parole board members imposing limits on employment as a condition of parole); *Horton v. Martin*, 137 F. App'x. 773, 775 (6th Cir.2005) ("[T]hose who make recommendations concerning parole ... enjoy absolute immunity." (internal citations omitted)).

In determining if an act is administerial or judicial in nature, courts ask two questions. First, is the function one which is normally performed by a judge? And second, did the party deal with the adjudicator(s) in their judicial capacity? *See Hughes v. Duncan*, 93 F.4th 374 (6th Cir. 2024) (finding parole hearing scheduling decisions to be judicial in nature). Imposing conditions on parole has been found to be judicial in nature as it is analogous to the sentencing function of a trial court. *See Bricker*, 405 F. Supp. 1340 (finding "the decision to impose certain conditions of parole fell within the quasi-judicial functions vested in the Parole Board members by Michigan law.") Furthermore, Divish had the opportunity to

engage with defendants in their judicial capacity at the parole hearing. For the reasons stated, the Court finds that defendants Vanlangvelde and Wilson are entitled to immunity.

Accordingly, the Court **GRANTS** defendants' third objection.

### D.   Defendants' Fourth Objection

Defendants argue that the Magistrate Judge erred when finding that defendant Davis was not entitled to quasi-judicial immunity for investigation of potential parole violations. The Court notes, however, that the Magistrate Judge recommended that immunity for Davis be denied based on the submission of an allegedly fabricated report. (ECF No. 42, PageID.340.)

At the motion to dismiss stage, the Court takes the allegations in the complaint to be true. Divish alleges that Davis was responsible for "falsely incorporating into Plaintiff's file that he said he had sex with a minor which was untrue, and not supported by any evidence. For example, no police reports and the reason for said omissions by Defendant Davis is because the allegations are false." (ECF No. 1, PageID.4.) In short, Divish challenges the preparation and submission of a report which includes allegedly false information.

"[Q]uasi-judicial immunity does not apply to functions performed by state parole officers that are not judicial in nature." *Draine v. Leavy*, 504 F. App'x 494, 495 (6th Cir. 2012) (unpublished). However, investigating whether a defendant is complying with the terms of parole has been repeatedly held to be a judicial function. *See Huffer v. Bogen*, 503 F. App'x 455, 461 (6th Cir. 2012) (finding probation officers performed judicial function when they determined that plaintiff had violated terms of his probation); *Horton*, 137 F. App'x at 775 (holding "those who make recommendations concerning parole also enjoy absolute immunity.")

At issue in *Draine* was the act of running a criminal history check prior to parole discharge and the submission of a request for a parole warrant. *Draine*, 504 F. App'x at 494. The court stated that conduct in *Draine* was a "general, routine, investigative act [that] is neither an adjudicative task nor a task so integral or intertwined with the judicial process such that quasi-judicial immunity applies." *Id.* at 496 (internal quotation marks omitted). In *Draine*, there was "in fact, no evaluation nor any decision-making acts performed" and, at the time the challenged

act occurred, "neither defendant was investigating Draine's parole compliance." *Id.* at 496.

Unlike in *Draine*, the preparation of this parole violation report required Davis to make judgment calls and recommendations, collect complex evidence, and exercise discretion. (ECF No. 30-4, PageID.231–235.) Unlike the request at issue in *Draine*, Davis's conduct in investigating the parole violation and submitting a report cannot be characterized as routine administerial work and was more closely tied to the judicial function.

Accordingly, the Court **GRANTS** defendants' fourth objection.

### E.    Defendants' Fifth Objection

The defendants argue that Judge Altman erred when she did not find Davis was entitled to quasi-judicial immunity for preparing the presentence investigation report. For the same reasons Davis was entitled to immunity for preparation of the parole violation report, Davis is entitled to immunity for the submission of a presentence investigation report. *See* Section II.D.

Accordingly, the Court **GRANTS** defendants' fifth objection.

### F.    Defendants' Sixth Objection

Defendants contend that the R&R did not address Divish's failure to challenge his revocation of parole prior to making a due process claim involving Davis's submission of a parole violation report, as *Heck v. Humphrey*, 512 U.S. 477 (1994), requires.

This objection misunderstands the nature of the claim alleged. As the R&R clearly states, "Divish is not asking that the parole board's decision be reversed, only that he be afforded due process before being labeled a sex offender and required to complete sex offender treatment as a precondition of parole." (ECF No. 42, PageID.346.)

The parole revocation is relevant only to the extent it is evidence that the sex offender treatment was compelled. As such, the decision in *Heck* is inapplicable as Divish is not challenging the fact of his confinement or the denial of his parole, but his characterization as a sex offender and compelled treatment.

Accordingly, the Court **DENIES** defendants' sixth objection.

### G.    Defendants' Seventh Objection

The defendants argue that Judge Altman erred when she ignored Divish's failure to show that defendants relied, to a constitutionally

significant degree, on any allegedly false contents in Divish's parole violation report or presentence investigation report in Divish's request to expunge information from his prison file, which the defendants' read into the complaint.

"A prisoner has a limited right to have erroneous information expunged from his prison file." *Johnson v. CCA–Ne. Ohio Corr. Ctr. Warden*, 21 F. App'x. 330, 332 (6th Cir. 2001). To establish such a claim, the prisoner must show that the information at issue is: (1) in his prison file; (2) false; and (3) "relied on to a constitutionally significant degree." *Id.* Under Michigan law, there is no liberty interest in parole, so parole denial does not satisfy the confidentially-significant requirement. *See, e.g., Taylor v. Graves*, 515 F. App'x 574, 576 (6th Cir. 2013); *Buckines v. Mich. Parole Bd.*, No. 1:08–cv–17, 2008 WL 696438, at *1 (W.D. Mich. March 12, 2008) (same). However, there is a liberty interest in being labeled a sex offender and forced to complete treatment. *See Section* II.B. Divish also has alleged there is false information in his prison file. (ECF No. 1.)

Accordingly, the Court **DENIES** defendants' seventh objection.

## H.    Defendants' Eighth Objection

The defendants argue that the R&R failed to address Divish's claims that defendants Wilson and Vanlangvelde relied on false information to deny his parole. The parole revocation is relevant only to the extent that it is evidence that sex offender treatment was, in fact, compelled. To the extent the R&R failed to address this argument, Divish's claim based on the denial of parole is **DISMISSED** because Wilson and Vanlangvelde are entitled to immunity.

Accordingly, the Court **GRANTS** defendants' eighth objection.

## I.    Defendants' Ninth Objection

The defendants argue that the R&R misapplied the standard to determine whether Divish's claimed protected liberty interest was clearly established. The defendants' argument is unpersuasive, and Judge Altman's reasoning is sound.

The case defendants cite, *Dean v. McWherter*, 70 F.3d 43 (6th Cir. 1995), is not in conflict with *Harper* or the establishment of a liberty interest from being labeled a sex offender and subjected to ***mandatory*** treatment. In *Dean*, there was no compelled treatment and the plaintiffs claimed "that convicted sex offenders have a liberty interest solely in

being free of the label 'mentally ill.'" *Id.* at 45. In dismissing the case, the *Dean* court characterized the liberty interest identified by the Supreme Court in *Vitek v. Jones*, 445 U.S. 480 (1980), as one which "arose not only from being classified as mentally ill, but from the involuntary transfer to a mental hospital and mandatory behavior modification." *Id.* at 45. For the same reason, the Court finds that Divish has articulated that he has a liberty interest in being free from being labeled a sex offender when he is also compelled to complete sex offender treatment.

Accordingly, the Court **DENIES** defendants' ninth objection.

## III. Quasi-Judicial Immunity for Defendant Costa

Although the defendants fail to raise the issue of defendant Costa's judicial immunity in their motion for summary judgment or objections, the court may address the issue of absolute privilege sua sponte in this case.[1] Each of Divish's complaint and defendants' motion for summary judgment addresses Costa only to note that she performed risk

---

[1] *See Burton v. Mortimer*, 221 F.3d 1333 (6th Cir. 2000) (unpublished opinion) (affirming "sua sponte dismiss[al of] the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim and because the defendants [we]re entitled to absolute immunity."); *Smith v. Shelby Cnty., Tenn.*, 3 F. App'x 436, 438 (6th Cir. 2001) (unpublished opinion) (stating "the sua sponte dismissal of claims that are barred by immunity is expressly contemplated by §§ 1915(e)(2)(b)(iii) and 1915A(b)(2).").

assessments on the defendant. (ECF No. 1, PageID.6–7; ECF No. 30, PageID.122.)

Divish alleges that defendant Costa "took advantage of her position over Plaintiff's files, records, and papers, and incorporated a plethora of falsehood…to have long term harm over Plaintiff's ability to ever gain reparole." (ECF No. 1, PageID.6.) Specifically, Divish claims that Costa violated his civil rights by using incorrect information in completing the Static-99 and Stable-2007 risk assessment tools. (*Id.*) Therefore, Costa's only alleged involvement in this case is through the preparation of the risk assessments at the request of the parole board. (ECF No. 1, PageID.6; ECF No. 28, PageID.93.)

For the reasons discussed involving defendant Davis, defendant Costa is also entitled to quasi-judicial immunity for the act of performing the risk assessments and providing a recommendation to the parole board. *See* Section II.D. As previously discussed, quasi-judicial immunity applies to "those who make recommendations concerning parole[.]" *Draine* 504 F. App'x at 496. Costa was acting in such a capacity when she completed the risk assessments. As such, Costa is entitled to quasi-judicial immunity for her alleged conduct.

18

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Report and Recommendation dated August 7, 2024 (ECF No. 42) is **ADOPTED** in **PART**, consistent with this order.

**IT IS FURTHER ORDERED** that defendants' objections (ECF No. 43) are **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment (ECF No. 44) is **GRANTED** as all defendants are entitled to immunity.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

s/Jonathan J.C. Grey
Hon. Jonathan J.C. Grey

Date: September 30, 2024          United States District Judge

<u>Certificate of Service</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2024.

<u>s/ S. Osorio</u>
Sandra Osorio
Case Manager
